**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

JASON SMITH,

        JASON,

    v.

NEXTERRA WINERY
        Defendants.

Case No.

## COMPLAINT

**TO THE HONORABLE COURT**:

Comes now Plaintiff JASON SMITH (hereinafter "JASON"), by and through his attorneys, GIAMANCO LAW PARTNERS, LTD., and herein submits his Complaint at Law against the Defendant, NEXTERRA WINERY (hereinafter "NEXTERRA"). JASON Complains as follows:

### SUMMARY OF CLAIMS

1. The facts set forth in the instant complaint constitute violations of Plaintiff's employment rights protected by Section 1 of the Fourteenth Amendment to the Constitution of the United States of America; and actionable under The Americans with Disabilities Act, ("ADA") 42 USC §12101 et seq.; the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101, et seq., and retaliatory discharge in violation of the Illinois Worker's Compensation Act, 820 ILCS 305/4 and Illinois common law.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the federal claims based on federal question jurisdiction, 28 USC §1331 and 1343, inasmuch as it arises under 42 U.S.C. §2000e-5, 42

U.S.C. §1981a, 29 U.S.C. §206(d) and 29 U.S.C. §1132.

3. This Court has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. JASON filed an EEOC complaint with the local EEOC office in Chicago, IL, alleging discrimination under ADA on May 28, 2020 and a Notice of Right to Sue was issued on August 11, 2020.

**PARTIES**

5. Plaintiff JASON SMITH is 34 years old and a resident of Bolingbrook, Illinois.

6. Defendant NEXTERRA is a food and wine business that operates wineries and restaurants under the name of Cooper's Hawk across Illinois. Defendant's principal place of business in Illinois is located at 9016 Murphy Road, Woodridge, Illinois.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. JASON started to work for the NEXTERRA on August 21, 2017 as Production Assistant for their restaurant in Woodridge, Illinois.

8. On September 16, 2019, JASON suffered an accident at work while performing his duties.

9. On March 31, 2020, while receiving medical treatment for his injuries arising out of the work accident he suffered and after filing a worker's compensation claim, NEXTERRA unjustly terminated JASON from his employment.

10. Defendant claimed a reduction in force program as the pretextual reason for terminating JASON from his employment, but he was the only employee terminated from his division.

**CAUSES OF ACTION**

**COUNT I - AN ACTION BASED ON A VIOLATION OF
THE AMERICAN WITH DISABILITIES ACT "ADA"**

11.     All allegations contained in paragraph 1 through 10 are incorporated herein.

12.     Title I of ADA prohibits private employers, state and local governments, employment agencies and labor unions from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training and other terms, conditions and privileges of employment. *42 USC §12111*.

13.     According to ADA, an individual with a disability is a person who has a physical or mental impairment that substantially limits one or more major life activities; has a record of such impairment; or is regarded as having such impairment.

14.     In accordance with 42 USCA §12102(2), individuals who have physical impairments that substantially limit one or more major life activities or major bodily functions and are, therefore, protected by the law.

15.     JASON was subjected to a prohibited employment action, his termination, because of his disability.  Therefore, under ADA, JASON meets the prima facie case requirements.

16.     Due to Defendant's illegal and unlawful conduct under ADA, JASON is entitled to an amount in excess of $50,000, plus attorney's fees and costs.

WHEREFORE, JASON prays for judgment against Defendant NEXTERRA in an amount in excess of $50,000, plus reasonable attorney's fees and costs.

## COUNT II - AN ACTION BASED ON A VIOLATION OF
## THE ILLINOIS HUMAN RIGHTS ACT

17.     All allegations contained in paragraph 1 through 16 are incorporated herein.

18.     In accordance with Section 1-102 of the ILHRA, it is the public policy of this State to secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

19.     Section 2-102 of the ILHRA states that it will be a civil rights violation for any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status. 775 ILCS 5/2-102.

20.     JASON was subjected to a civil rights violation, his termination, because of his disability.  Therefore, under ILHRA, JASON meets the prima facie case requirements.

21.     Due to Defendant illegal and unlawful conduct under ILHRA, JASON is entitled to an amount in excess of $50,000, plus attorney's fees and costs.

WHEREFORE, JASON prays for judgment against Defendant in an amount in excess of $50,000.00, plus reasonable attorney's fees and costs and punitive damages as allowed by statute.

## COUNT III - AN ACTION BASED ON A VIOLATION OF
## THE ILLINOIS WORKER'S COMPENSATION ACT

22.     All allegations contained in paragraph 1 through 22 are incorporated herein.

23.     NEXTERRA took adverse employment actions against JASON with the purpose of retaliating against him after JASON suffered a work-related injury and filed a worker's compensation claim.

24.     The Illinois Supreme Court has recognized the tort of retaliatory discharge allowing for an injured employee to recover damages as result of the employer's retaliatory conduct. Retaliatory discharges violate a clearly mandated public policy in the state of Illinois.

WHEREFORE, JASON prays for judgment against Defendant in an amount in excess of $50,000.00, plus reasonable attorney's fees and costs and punitive damages as allowed by statute.

## **PRAYER FOR RELIEF**

**WHEREFORE**, JASON prays for relief as follows:

a.     An order restoring JASON to his rightful position at NEXTERRA (i.e., reinstatement), or in lieu of reinstatements, an order for front pay benefits;

b.     Back pay (including interest and benefits) for JASON

c.     All damages sustained by JASON as a result of Defendants' conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

d.     Exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and to deter future conduct;

e.     Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

f.     Pre-judgment and post-judgment interest, as provided by law; and

g.     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

1.      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, JASON demands a trial by jury in this action.

Respectfully submitted,

Dated: November 9, 2020

s/ Melisa Quinones
Attorney No. 6329075
melisa@glawpartners.com

Attorneys for JASON SMITH
GIAMANCO LAW PARTNERS, LTD.
107 W Boughton Rd.
Bolingbrook, IL 60440
(t) 630-635-5555
Email Service of documents:
attorney@glawpartners.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/  Melisa Quinones